UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TRACY FRY, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDFLORIDA CREDIT UNION,<br><br>Defendant. | Case No. 8:15-CV-2743 RAL TGW<br><br>Judge Assigned: Hon. Richard A. Lazzara |

## FINAL APPROVAL ORDER AND JUDGMENT

This Court granted preliminary approval of the Settlement Agreement and Release ("Settlement") and certified a provisional settlement class on July 3, 2017 (the "Class"). Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement, all papers filed and proceedings had herein and all oral and written comments received regarding the Settlement, and having reviewed the record in this litigation, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Unless otherwise provided, all terms used herein shall have the same meaning as provided in the Settlement.

2. The Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members.

3. This Court finds that the Classes meet all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. For settlement purposes, the Court now finally certifies the Class which is defined as follows:

1

"Class Member" shall mean any member of Defendant who, between November 24, 2010 and January 15, 2016, was assessed an overdraft fee when the member had sufficient money in his or her ledger balance, but insufficient money in his or her available balance to complete the transaction that caused the fee.

4. The Court appoints Named Plaintiff Tracy Fry as the Class Representative.

5. The Court approves The Kick Law Firm, APC and McCune Wright Arevalo LLP as Class Counsel.

6. The Court appoints Kurtzman Carson Consultants LLC as the Claims Administrator. The Claims Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the Settlement and shall comply with the terms of the Settlement.

7. The Court finds that the distribution of the notice of the Settlement has been completed in conformity with the Court's preliminary approval order. The Court finds that the notice was the best practicable under the circumstances and provided due and adequate notice of the proceedings and of the terms of the Settlement. The Court finds that the notice fully satisfied the requirements of due process. The Court also finds that all Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, all Class Members wishing to be heard have been heard, and all Class Members have had a full and fair opportunity to exclude themselves from the Class.

8. The Court finds, as set forth in the Second Supplemental Declaration of Andrew Perry on Behalf of Settlement Administrator Regarding Notice (Docket No. 48), that, as of February 5, 2018, seven members of the Class requested exclusion from the class and that no objections to the settlement were filed. Further, Counsel confirmed at the hearing of this matter, that there has been no objection to the settlement as of February 23, 2018, and no Class member appeared at the time and date of the hearing of this motion to object to the settlement. The seven class members who opted out of the proposed settlement are identified in Exhibit C to the

February 5, 2018, Declaration of Andrew Perry of Kurtzman Carson Consultants and are excluded from this settlement.

9. The Court finds that the reaction of the Class to the Settlement was overwhelmingly favorable.

10. The Court hereby grants final approval of the terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of informed and non-collusive arms-length negotiations. The Court further finds that the parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

11. The Court finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks. The amount offered in settlement is reasonable in light of the expense, complexity, risk, and likely duration of further litigation.

12. The Settlement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

13. The Court finds the requested attorneys' fees of $1,125,000 to be reasonable as a percentage of the full value of the Settlement (31.9%), and therefore awards fees in this amount to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement. Further, the Class was advised of the requested attorneys' fee in the class notice, and there was no objection to the attorneys' fee request by the Class. Therefore, the requested attorneys' fee is reasonable and approved.

14. The Court further finds that the request for reimbursement of litigation costs in the amount of $65,000 is reasonable based on the actual litigation costs exceed $80,000, and the work necessary to achieve this favorable class settlement. Therefore the litigation costs of $65,000 are to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement Agreement.

15. The Court finds that Named Plaintiff Tracy Fry assisted with the prosecution and litigation of the case, including producing documents, responding to written discovery, sitting for deposition, and having been willing to testify at trial. The Class was provided notice of the requested service award and no member of the Class objected to the service award. The Court therefore awards a service award in the amount of $10,000 to be paid to Named Plaintiff Tracy Fry from the Settlement Fund by the deadline specified in the Settlement Agreement.

16. The Court approves Public Citizen as the *cy pres* recipient of any residue in the Settlement Fund.

17. The Court approves payment of the Claims Administrator's fees and costs of up to $68,500 to be paid to the Claims Administrator from the Settlement Fund by the deadline specified in the Settlement Agreement.

18. Within 10 days of the date of this order, Defendant MidFlorida Credit Union., shall distribute the Settlement Fund to the Claims Administrator, less amounts advanced to the Claims Administrator.

//
//
//
//
//

19. The Court retains jurisdiction over the Parties, Class Counsel, and the case to enforce the Settlement and the terms of this Judgment.

**IT IS SO ORDERED ADJUDGED AND DECREED.**

Tampa, Florida February 23, 2018.

_____
Richard A. Lazzara
United States District Judge